Dear Messrs. Kling and Robinson:
You have jointly requested an opinion of the Attorney General regarding the flow of funds into the Transportation Trust Fund (TTF) established in Article VII, Section 27 of the Louisiana Constitution of 1974. Section 27 was enacted pursuant to Act 847 of the 1989 Regular Session of the Louisiana Legislature, and was ratified by the electorate on October 7, 1989. The constitutional amendment became effective on January 1, 1990.
Among the provisions contained in Section 27(A) is the following:
 "All moneys appropriated by the Federal Highway Administration and the Federal Aviation Administration, or their successors, either reimbursed or paid directly, shall be paid directly or deposited in and credited to the trust fund." (Emphasis added.)
During the course of his Single Audit of the State of Louisiana for years ending June 30, 1990 and 1991, the Legislative Auditor (Auditor) noted that all Federal Highway Administration (FHA) and Federal Aviation Administration (FAA) funds were not being credited to, and deposited in, the TTF. A recommendation was made that the Division of Administration (Division) change the fund structure in the state's centralized accounting system to provide for the deposit of all federal funds to the TTF.
The Auditor is taking the position that Section 27(A) mandates that all federal funds be deposited in the TTF, regardless of the year in which they were appropriated in the various capital outlay acts. The Division believes that since the TTF was established as of January 1, 1990, only those federal receipts relating to capital outlaw appropriations for fiscal years 1989 and following are subject to the constitutional requirement that they be deposited in the TTF.
The Division and the Department of Transportation and Development (DOTD) are also concerned that pre-1989 capital outlay acts obviously did not contain a funding provision from the TTF. Thus, for example, Act Nos. 769 of 1988, 711 of 1987, and 1044 of 1986 all reflect federal funding provisions as "Payable From Federal Funds". By contrast, the 1993 capital outlay act's federal funding provision reads "PAYABLE FROM THE TRANSPORTATION TRUST FUND FEDERAL RECEIPTS". The Division and DOTD fear that if pre-1989 appropriated funds are deposited in the TTF, they will not be subject to appropriation and expenditure by DOTD.
Given the above background information, you have requested our opinion as to whether all FHA and FAA funds must be deposited in the TTF as of its establishment on January 1, 1990, or only those receipts related to capital outlaw appropriations approved for the fiscal year in which the TTF was created (1989) and subsequent years.
As noted hereinabove, Article VII, Section 27(A) established the TTF as of January 1, 1990. The pertinent language relating to the appropriation of federal funds mandates that "All moneys . . . either reimbursed or paid directly, shall be paid directly or deposited in and credited to the trust fund." It does not distinguish between federal funds appropriated for capital outlay projects initiated before or subsequent to 1989. It merely provides for the deposit of "all moneys". We believe the crucial issue in this matter is the appropriation language in the various capital outlay acts. LSA-R.S. 39:111, et seq., comprises the law relating to "Capital Outlay Budget Enactment". Section 112(A)(1) provides:
 "A. (1) The legislature shall enact into law a capital outlay bill which incorporates the first year of the five-year capital outlay program as provided in Article VII, Section 11(B) of the Constitution of Louisiana. The capital outlay act shall include appropriation of funds from specified sources, including proceeds of bonds, for capital projects to be expended during the next fiscal year." (Emphasis added.)
Similar language appears consistently in the title of capital outlay acts. For example, Act 711 of the 1987 Regular Session provides:
 "To provide with respect to the capital outlay budget and the capital outlay program for state government, state institutions, and other public entities; providing for the designation of projects and improvements included therein; providing for the financing thereof by making appropriations from certain sources, and otherwise providing with respect thereto.
Be it enacted by the Legislature of Louisiana:
 Section 1. The following sums or so much thereof as may be necessary are hereby appropriated out of any monies in the state treasury from the sources specified . . . "(Emphasis added.)
The act further provides in Section 7:
 "Section 7. All monies appropriated by this Act and any applicable funds of a prior capital outlay budget act adopted by the legislature shall be deposited by the state treasurer in the Comprehensive Capital Outlay Escrow Account, established by this Section, in the state treasury. All such monies shall be administered according to the particular act pertaining to the fiscal year in which such monies were appropriated." (Emphasis added.)
As previously noted, the TTF did not constitute the "source specified" in pre-1989 capital outlay acts. To require pre-1989 federal moneys to be deposited in the TTF in the absence of language authorizing appropriation therefrom would, in our opinion, jeopardize their availability to DOTD.
We have been advised that contracts entered into for pre-1989 projects are still in effect, pending the completion of said projects. Article I, Section 23 of the Louisiana Constitution of 1974 prohibits the enactment of laws impairing the obligation of contracts. We are of the opinion that the inability to access federal funds intended for these projects would impair the contracts associated therewith.
A review of the minutes of the House and Senate committees which heard House Bill No. 80 (Act 847) reflect no discussion of this issue. However, those instrumental in drafting this legislation, including its lead author, Representative Quentin D. Dastugue, have advised that the bill was intended to impact only those federal funds appropriated as of the date the TTF was created.
Therefore, it is the opinion of this office that only those federal receipts relating to capital outlaw appropriations for fiscal years 1989 and following should be deposited in the TTF.
Trusting this opinion adequately responds to your inquiries, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb
cc: Rep. Quentin D. Dastugue Mr. Gary Hall Mr. Sal Faldetta